UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL LUGO,

    Plaintiff,

v.   Case No.   3:21-cv-1272-MMH-JBT

SEA COTTAGES OF
AMELIA, LLC,

    Defendant.

## ADA SCHEDULING ORDER

Because this case is brought under the Americans With Disabilities Act, the Court has designated it for special handling. Therefore, consistent with the "just, speedy, and inexpensive administration of justice" pursuant to Rule 1, Federal Rules of Civil Procedure (Rule(s)), and the Court's pretrial management authority under Rule 16, it is hereby:

**ORDERED** that the provisions of Rule 26(a)(1) and Local Rule 3.02, United States District Court, Middle District of Florida (Local Rule(s)) concerning the initial disclosures and filing of a case management report are hereby waived.[1]  Instead, the parties shall comply with the following schedule:

---

[1] While the Court is waiving specific provisions of the Rules and Local Rules at this time, all parties shall read and otherwise comply with the Local Rules of this Court.

1. With the first appearance, each party must file a disclosure statement in accordance with Local Rule 3.03.

2. Within 15 days from the date of this Order, Plaintiff shall answer, under oath, the Court's Interrogatories, attached hereto as Exhibit A, serve a copy on Defendant, and file the Answers with the Court titled as a "Notice of Filing Court Interrogatories."

3. Within 30 days from the filing of the Interrogatory answers, Defendant shall permit Plaintiff's counsel and Plaintiff's expert reasonable access to inspect copies of the electronic records and data constituting the websites that Plaintiff claims to be non-compliant.

4. Within 45 days thereafter, Plaintiff shall provide Defendant with a copy of any expert report upon which Plaintiff intends to rely, consistent with the provisions of Rule 26(a)(2). The report must specifically address the deficiencies alleged and the proposed remediation required. Any deficiency not specifically identified in the expert report will be deemed waived.

5. Defendant shall have 30 days thereafter to serve a written response, including any Rule 26(a)(2) expert report upon which that Defendant intends to rely.

6. Within 30 days following the submission of Defendant's written response, the parties shall mediate this dispute before a mediator of their

choice. If they cannot agree upon a mediator, the Court will appoint one for them.

7. Until further Order of this Court, all discovery in this case is **STAYED** with the exception that one deposition of the Plaintiff and the deposition of each Defendant may be taken.

8. The parties shall notify the Court within 20 days after the mediation conference as to whether the parties have reached a settlement. If settlement is not achieved within the time frame set forth herein, the parties shall immediately file a Case Management Report[2] signed by counsel for all parties. The filing of the Case Management Report shall operate to immediately lift the stay of discovery.

9. If the parties reach a settlement, the settlement agreement should contain, if possible, an agreement concerning costs and attorney's fees. If the parties are unable to agree, the Court will reserve jurisdiction to determine that issue. If the parties wish the Court to enter a consent judgment, be advised that the Court will not approve or reserve jurisdiction to enforce a confidential settlement agreement.

---

[2] The uniform Case Management Report form is available on this Court's website at www.flmd.uscourts.gov.

10. Due to the volume of these cases, the Court expects strict adherence to these deadlines. Nevertheless, either party, for good cause shown, may move to alter this schedule should circumstances truly warrant modification.

11. All parties must send courtesy copies to chambers of all filings that exceed 25 pages, inclusive of exhibits, regardless of whether the filing is done electronically or in paper.

12. The parties are advised that they have a continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

13. The parties may consent to conduct all further proceedings in this case before the United States Magistrate Judge.[3]

14. **The party filing this lawsuit is responsible for serving a copy of this Order and its attachments on all other parties.**

**DONE** and **ORDERED** in Jacksonville, Florida this 3rd day of January, 2022.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

---

[3] Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" is also available on this Court's website.

- 5 -

Copies furnished to:
    Counsel of Record
    Unrepresented Parties
Attachments:
    Court Interrogatories

# EXHIBIT A
# COURT'S INTERROGATORIES TO INDIVIDUAL PLAINTIFF(S)

1. Your residential address.

2. The name of your current employer and place of employment.

3. Describe the nature of your disability

4. List each of the defendant's websites (including the URL of the website) that you visited that are at issue in this case and the date(s) you visited those websites?

5. Did anyone else review or visit the defendant's website with you on the date(s) specified above?   If so, state such persons' name(s) and address(es).

6. Describe the purpose of your visit to the website(s).

7. Specifically list each barrier or deficiency that you personally observed or experienced while visiting the website(s).

8. Please specify all the ways in which you allege that the defendant's website fails to comply with 28 C.F.R. 36.302(e) or with any other applicable law.

9. Did you take notes or make a contemporaneous record of these barriers (i.e., screen shots or print outs of the website)?  If so, please attach a copy to these Answers.

10. Identify the physical location(s) the use and enjoyment of which was impacted by the alleged deficiencies in the defendant's website(s).

11. What is the proximity of the physical locations identified in response to the foregoing interrogatory to your home and place of employment?

12. Describe your past patronage of the defendant's business and any of the physical locations identified in response to the foregoing interrogatories.

13. Describe the definiteness of your plans to visit any physical location associated with the defendant's business, and identify the physical location(s).

14. Please list any other Title III cases in which you have been a party in this District.

_____
Plaintiff

STATE OF FLORIDA
COUNTY OF _____

  BEFORE ME, the undersigned authority, on this day, personally appeared _____, who being first duly sworn, deposes and says that he has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his knowledge and belief, the same are true and correct.

  SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 2022.

                NOTARY PUBLIC


Notary Stamp

              _____
              Signature of Person Taking Acknowledgment
              Print Name:
              Title: Notary Public
              Serial No. (If any):
              Commission Expires: