UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL LUGO,

    Plaintiff,

v.                                                  CASE NO.: 3:21-cv-1272-MMH-JBT

SEA COTTAGES OF AMELIA, LLC,

    Defendant.
_____/

## ANSWERS TO COURT'S INTERROGATORIES

I, Daniel Lugo, declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct:

1. Your residential address.

ANSWER: 9162 SW 5th Street, Unit C, Boca Raton, Fl. 33428.

2. The name of your current employer and place of employment.

ANSWER: None.

3. Describe the nature of your disability.

ANSWER: I suffered permanent damage to my spinal cord as a result of a broken neck caused by a motor vehicle collision. I must use a wheelchair to ambulate and I have limited use of my hands and fingers.

4.  List each of the defendant's websites (including the URL of the website) that you visited that are at issue in this case and the date (s) you visited those websites?

ANSWER: I visited the online reservation system (described in paragraph 4 of my Complaint) for the Sea Cottages of Amelia (www.seacottagesofamelia.com) on or about December 8, 2021.

5.  Did anyone else review or visit the defendant's website with you on the date (s) specified above? If so, state such person's name (s) and address (es).

ANSWER: No.

6.  Describe the purpose of your visit to the website (s).

ANSWER: The purpose of my visit to the website was to book a hotel room and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation system for compliance with 28 C.F.R. §36.302(e).

7.  Specifically list each barrier or deficiency that you personally observed or experienced while visiting the website (s).

ANSWER: The online reservation system for the Sea Cottages of Amelia does not permit one to make a reservation for an accessible room and it does not identify or describe accessible features at the Hotel, including in the guest rooms; once the online reservation system permits the reserving of an accessible room, which it does not now do: the room must be held until all other rooms of that type have been rented and the accessible room is the only remaining room of that type, the reserved accessible guest room reserved must be removed from all reservations systems, and the accessible guest room reserved through the online reservation system must be held for the reserving customer. Defendant's online reservation system fails to comply with any of these requirements.

8.  Please specify all the ways in which you allege that the defendant's website fails to comply with 28 C.F.R. 36.302 (e) or with any other applicable law.

2

ANSWER: When I visited the online reservation system for the Sea Cottages of Amelia, I tried to make a reservation for an accessible hotel room, since I require an accessible hotel room due to my inability to walk, but it was not possible to make such a reservation. It was possible to reserve a hotel room that was not accessible. For this reason Defendant has no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible hotel rooms during the same hours and in the same manner as individuals who do not need accessible hotel rooms. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When I visited the online reservation system for the Sea Cottages of Amelia, I searched the site for the identification and descriptions of accessible features at the Sea Cottages of Amelia and hotel rooms offered through the reservation service so that I could assess independently whether the Sea Cottages of Amelia or a specific hotel room met my accessibility needs in light of my disability but the reservation service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendant also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservation service does not describe any accessible hotel room and does not, in turn, allow the reserving of such accessible hotel room, the Website cannot hold such an unavailable accessible hotel room in the reservation system until all other units have been rented, block such unavailable accessible hotel rooms from the system once reserved, and guaranty that such unavailable accessible hotel rooms will be held for the reserving customer as required by sections (iii) - (v) respectively.

9. Did you take notes or make a contemporaneous record of these barriers (i.e., screen shots or print outs of the website)? If so, please attach a copy to these Answers.

ANSWER: No.

10. Identify the physical location (s) the use and enjoyment of which was impacted by the alleged deficiencies in the defendant's website (s).

ANSWER: The physical location the use and enjoyment of which was impacted by the alleged deficiencies in the defendant's website was 2528 Sadler Road in Fernandina Beach, Florida. The entire hotel is impacted since I am unable to

3

determine from the website whether I can even get into the hotel, or any guest room, or utilize any amenities.

11. What is the proximity of the physical locations identified in response to the foregoing interrogatory to your home and place of employment?

ANSWER: The Sea Cottages of Amelia is located approximately 344 miles from my home. I do not have a place of employment.

12. Describe your past patronage of the defendant's business and any of the physical locations identified in response to the foregoing interrogatories.

ANSWER: None.

13. Describe the definiteness of your plans to visit any physical location associated with the defendant's business, and identify the physical location (s).

ANSWER: At this point, not knowing whether the hotel is accessible to me, I have no definite plans to visit the hotel but I will revisit the online reservation system within 30 days to determine whether I can use the hotel and to test the online reservation system for compliance with 28 CFR Section 36.302 (e)(1).

14. Please list any other Title III cases in which you have been a party in this District,

ANSWER: See attached.

_____
DANIEL LUGO