IN THE UNITED STATES DISTRICT COURT
For the
Middle District of Florida

Case 3:21-cv-01272

DANIEL LUGO,

    Plaintiff,

V.

SEA COTTAGES OF AMELIA, LLC,

DEFENDANT'S ANSWER and AFFIRMATIVE DEFENSE

Defendant, Sea Cottages of Amelia, LLC ("Sea Cottages"), by Philip Griffin, It's Managing Member, Pro Se, responds to Plaintiff, for Injunctive Relief as follows and as to each numbered paragraph responds as follows:

1. Sea Cottages Agrees
2. Sea Cottages Agrees
3. Sea Cottages has no knowledge of the Defendant but has no reason to dispute the claims of disability so leave this to the Court to verify and decide
4. Sea Cottages Agrees
5. Sea Cottages Agrees
6. Sea Cottages Agrees
7. Sea Cottages Agrees
8. Sea Cottages Agrees
9. Sea Cottages Denies - There is zero evidence that the plaintiff made any bona-fide effort to use the website, which includes the ability to ask questions, by using the email or online contact form in the reservation system. Paragraph 9 is a vague statement that the Plaintiff attempted to make a reservation sometime during the month of December 2021. In order for someone to suffer a specific injury a plaintiff should have some basis of fact, stating a specific date and a time that the event occurred, stating the facts of

what occurred and what steps they took to minimize or eliminate any wrongdoing. There is none of that. Sea Cottages has a variety of ways for a customer to make a reservation including but not limited to telephone, the website, seacottagesofamelia.com, walk in, mail in or third-party websites such as Priceline.com or Booking.com. Staff receives numerous requests for "quiet rooms", rooms near the parking lot, baby cots, highchairs, ADA, WiFi, access to the beach, nearby restaurants, parking oversize vehicles, TV channels, and many other special requests. Sea Cottages office Staff is trained to accommodate guests in any way possible to make it a positive experience, and they <u>have been specifically trained on how to handle requests for the ADA unit</u>. Sea Cottages policy is that we do not assign rooms until the day of check in, with only one exception being if a guest requests the ADA accessible cottage. For this reason, we did not identify which specific cottage was fully ADA accessible on the website or allow it to be randomly chosen, unless a guest asked about it and requested an ADA cottage. The Plaintiff alleges that the policy of not publishing details about the one ADA cottage on the website was intended to discriminate, but the reason for that policy was to preserve that unit only for those guests who have a legitimate need for that particular cottage.

10. Sea Cottages denies that it is aware that Plaintiff was a bona fide customer and further denies that the plaintiff is qualified to judge a business based solely on the perusal of a website on an unspecified date and time. Furthermore, if the plaintiff is, as stated, a valid "tester" and he spent any time on the website then he would know that Sea Cottages is brand new and was built in 2021. As an ADA advocate he would also know that the buildings were permitted and constructed under the 2017 Florida Building Accessibility Code and ICC guidelines and was required to provide at a minimum every single standard called for under the federal rules in CFR 28. Whereas in Houston V. Marod the plaintiff stated that he travelled to the Houston area and intended to actually use the supermarket, but in this case the Plaintiff alleges that he merely looked at a website sometime in the month of December, 2021, not that he actually intended or attempted to reserve a room to see if his rights were being denied.

11. Sea Cottages denies that is has discriminated against the Plaintiff. The Plaintiff and any other potential guest can use the contact form on the website, email or telephone 24 hours a day to answer any questions or concerns they may have. The Plaintiff has made no effort to make a reservation at Sea Cottages and based on our records has never called, emailed or used the company website to determine if whatever fictional date he planned to stay was even available. If a Plaintiff has not even taken the first step of checking availability for a specific date or set of dates then how would the Plaintiff know whether his rights may or may not be denied?

12. Sea Cottages agrees that the website did not specifically identify the ADA cottage on the website and list the specific items, but has, since being served by the Plaintiff, worked with our website provider to provide additional information. Sea Cottages has also had the website developer check the website to ensure that other guests with disabilities in sight and or hearing are better able to use the site. We have gone so far as to allow guests to specifically select the ADA cottage, which we are not sure is a good thing. This now puts us in jeopardy of having someone select the ADA cottage by accident or through lack of knowledge of the difference. By showing this only cottage online and making it available to book directly, the Plaintiff puts us in an awkward position of having to ask a guest that books the room themselves, if they really need that room! The former policy of not identifying that room and not allowing guests to book it directly was a better method of saving the room for a guest who specifically requested the room by email, phone call or using the special request form when they made a reservation. In response to the statement on the bottom of page 6 that *"the website cannot hold such unavailable accessible rooms in the reservation system until all other units have been rented, block such unavailable rooms from the system once reserved…"* – is wrong. The existing reservation system <u>did not</u> allow a guest to select any room or reserve the ADA room, but does now until the court rules on this issue. Rooms were only assigned on the day of check in and only by qualified office staff. Sea Cottages policy was and remains that "The only room that may be assigned prior to the date of check-in is the ADA cottage". We believe this policy offers the best protection for handicapped guests

and would ask the court to allow us to retain this policy. Describing a room on the website makes sense and we have already added this information to the website. Allowing guests to book the ADA cottage online or using a 3rd party website or app is detrimental to preserving that cottage for those who truly need it.

13. Sea Cottages denies that the Plaintiff is without adequate remedies. Sea Cottages adapted the website seacottagesofamelia.com to put in detailed descriptions. The Plaintiff already had several free and easy remedies:
    a. Call the office or answering service 24 hours a day 7 days a week and ask any relevant question related to needs or specific requirements
    b. Email a question 24 hours a day 7 days a week
    c. Use the Seacottagesofamelia.com website to view an online calendar of availability
    d. File a complaint form with the Department of Justice – online form or by email, snail mail or telephone the 800 number
    e. Contact the Fernandina Beach building department and ask if they were allowing new buildings to be built within City limits that did not comply with Florida Statutes and specifically the Florida Accessibility Code
    f. File a complaint with the Florida DBPR

    The Plaintiff chose to ignore all of the above free options and instead teamed up with a law firm to file a federal lawsuit claiming irreparable harm.

14. Sea Cottages does not dispute that the Plaintiff claims to have retained the law firm of Levitt and Sarkin to represent him and has no knowledge of the relationship between the Plaintiff and the lawyers. Sea Cottages denies that the Plaintiff and the attorneys are entitled to any filing fees, court costs, attorney expenses and furthermore we ask the court to investigate the relationship of the Plaintiff and the law firm and to whether they are merely filing frivolous lawsuits with the full knowledge that most defendants cannot afford to hire an attorney and spend months or years in court. The financial cost and emotional cost is so overwhelming to a small business that it is easier to "settle" and pay off the law firm in response to such baseless allegations. This system is wrong

and the Federal Courts should not allow itself to be used as pawn in what appears to be nothing but a modern form of extortion. We ask the court to sanction the Plaintiff and the firm Levitt and Sarkin and enjoin them from engaging in greenmail or extortion tactics. Filing false and or frivolous lawsuits is a violation of Rule 11 and this lawsuit appears to fit the criteria and should not be sanctioned by the Court. The Plaintiff had numerous free options and available remedies prior to filing suit, but for whatever reason, chose not to use them.

15. Sea Cottages Agrees that the Court has authority. Sea Cottages believes that the website is in compliance with 28 CFR 36.302e and furthermore will make every effort to continue to comply with existing and future rules and regulations as it becomes aware of them. The matter is now moot since the website added a photo and descriptions. Websites are merely one method of discovering a business and no guest ever physically visits the website, so technically there cannot be a physical barrier to entry (see Gil V Winn Dixie).

Wherefore, Defendant, Sea Cottages has a website compliant with CFR 36.302e and whereas the Plaintiff was not discriminated against, having never visited the property in order to be denied equal accommodations, The Defendant Motions the Court to dismiss the action with prejudice because the Plaintiff lacks a valid claim.

Furthermore, we Motion the Court to enjoin the Plaintiff and the law firm of Levitt and Sarkin from engaging in the ongoing business model of filing frivolous lawsuits of this nature for the sole purpose of extorting legal fees from small businesses while other legal remedies are readily available. Appropriate remedies have been and are available to the Plaintiff under the Americans with Disabilities Act.

Respectfully submitted by:
Philip Griffin Pro Se
Sea Cottages of Amelia LLC
Phil@acrfl.com   904-556-9140