UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL LUGO,

        Plaintiff,

v.                               CASE NO. 3:21-cv-1272-MMH-JBT

SEA COTTAGES OF AMELIA, LLC,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) ("Motion") (Doc. 28) and Defendant's Response in Opposition thereto ("Response") (Doc. 30).  The undersigned also heard oral argument on the Motion. (Docs. 39 & 40.)  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** and the case be unconditionally **DISMISSED without prejudice**, with each side to bear its own fees and costs.

### I.    Background

Plaintiff, an allegedly disabled person, brought this action seeking injunctive relief, attorney's fees, and costs based on Defendant's alleged violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") (Doc. 4). Plaintiff alleges that in December of 2021, he attempted to reserve an accessible room at Defendant's cottages through Defendant's online reservation system but

was unable to do so because of Defendant's non-compliance with ADA requirements.  (*Id.* at 2, 5.)  Plaintiff alleges further that "Defendant has no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible rooms during the same hours and in the same manner as individuals who do not need accessible rooms."  (*Id.* at 6.)  Plaintiff avers that he intends to visit Defendant's online reservation system again either to book a room "and/or to test  the online reservation system for compliance with 28 C.F.R. § 36.302(e)."  (*Id.* at 3.)  Defendant has answered the Amended Complaint ("A.C."). (Doc. 15.)

The Motion requests unconditional voluntary dismissal of the case without prejudice due to Defendant's satisfactory modification of "the [w]ebsite, which now provides the ability to reserve an accessible cottage and describes certain accessible features of the [h]otel."  (Doc. 28 at 3.)  Plaintiff argues that he has not acted in bad faith, and that dismissal would not prejudice Defendant because "there have been, or should have been, limited financial expenditures by Defendant, no experts have been utilized, no counterclaim has been asserted, no summary judgment motions have been filed, and there has not, or should not, have been significant sums spent by Defendant preparing for trial . . . ."  (*Id.* at 7.)

Defendant raises multiple objections to dismissal, primarily based on Plaintiff's alleged bad faith in bringing this case.  (*See generally* Doc. 30.) Defendant seeks denial of the Motion so that discovery can continue, and requests that an evidentiary hearing be conducted on the issue of Plaintiff's bad faith.  (*Id.*

at 1, 16.)  Similarly, even should the Motion be granted, Defendant seeks a host of conditions, including Plaintiff's complete responses to all outstanding discovery requests, depositions of Plaintiff and Plaintiff's attorney, an evidentiary hearing, and sanctions against Plaintiff and his attorney, including the award of Defendant's attorney's fees and costs.  (Doc. 30 at 17–20.)

## II.   Standard

Unless the parties jointly stipulate to a dismissal or a defendant has not filed an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  As the Eleventh Circuit explained in *McCants v. Ford Motor Co.*:

> The purpose of the rule "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  Thus a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect.
>
> As we have noted previously, however, in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result.  Thus it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation. Rather, the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate. Dismissal on motion of the plaintiff pursuant to Rule 41(a)(2) is within the sound discretion of the district court,

> and its order may be reviewed only for an abuse of
> discretion.

781 F.2d 855, 856-57 (11th Cir. 1986) (citations omitted).[1]

### III.   Summary of Recommendation

Defendant bases its opposition to the Motion, and its request for extensive conditions on dismissal, on its suspicion that Plaintiff never personally visited its website prior to this lawsuit being filed.  (Doc. 30 at 2–7, 16–17.)  Alternatively, Defendant surmises that if Plaintiff did in fact visit the website, he did so only after being prompted to do so by his attorney and without any intention of actually staying at Defendant's facility.  (*Id.* at 4–6.)  Based on these suspicions, Defendant concludes that "where there is smoke there is fire," that "it has only scratched the surface of the nefarious nature of [Plaintiff's] ADA enterprise," that there has been a "grisly betrayal" by Plaintiff and his attorney of the ADA, and that Defendant should be allowed to continue on its "mission to prove through discovery that Plaintiff's entire case was a sham."  (*Id.* at 3–7, 15–16.)

Defendant bases its above suspicions on the asserted inconsistency between Plaintiff's representations that he visited Defendant's website on December 8, 2021, and screenshots of the website, produced by Plaintiff, showing that the website was actually visited on November 17, 2021 by Plaintiff's attorney.[2]

---

[1] In addition, Rule 41(d) allows a subsequent court to impose some or all of the costs of the prior action on a plaintiff should he or she file another case against the same defendant "based on or including the same claim."   Fed. R. Civ. P. 41(d).

[2] This case was filed on December 23, 2021.  (Doc. 1.)

(*Id.* at 4–5; Doc. 6 at 2.)    Moreover, Plaintiff has claimed that he has no documentation to support his website visit on December 8, 2021.  (Docs. 30-5 at 6; 30-6 at 2.)  Defendant concludes that this is "[s]uspicious to say the least," and "[a]t its worst, this is evidence of fraud."  (Doc. 30 at 4–5.)  Although Plaintiff had previously offered to be deposed, Defendant proposes that it be allowed not only to take Plaintiff's deposition, but to take Plaintiff's attorney's deposition and to search Plaintiff's and possibly Plaintiff's attorney's computers, among other things.  (Doc. 29 at 6, 11–14; Doc. 30 at 6, 15; Doc. 30-1 at 2; Doc. 30-5 at 7.)

In short, the undersigned recommends that Defendant's suspicions are not a sufficient basis to deny the Motion or to impose any of the onerous conditions that Defendant requests.  First, despite Defendant calling this case a "sham," Defendant modified its website in response to this lawsuit.  (Docs. 30 at 3–4, 13–15; 30-4 at 3.)  Moreover, Defendant's modification of the website to comply with the ADA is a sufficient reason for Plaintiff to seek dismissal.  Second, throughout this case, Plaintiff has readily acknowledged that he is a "tester." (*See* Docs. 4 at 5; 6 at 4.)    Thus, Plaintiff has not misrepresented his status.  Third, Defendant cannot show "clear legal prejudice" within the meaning of *McCants*.  781 F.2d at 856–57.   Fourth, Defendant has not shown, or even directly asserted, that Plaintiff's attorney committed any ethical violation.  (Doc. 30 at 3–6, 15.)  Fifth, the procedural posture of the case weighs in favor of dismissal. (*See* Doc. 27 at 2.) Thus, the undersigned recommends that the Motion be unconditionally granted.

## IV.    Analysis[3]

First, Defendant acknowledges taking corrective measures after the Complaint was filed that modified the website to address the alleged ADA violations. (Docs. 30 at 14; 30-4 at 2–3.)   Defendant's *pro se* Answer and Affirmative Defense, subsequently stricken, also includes an admission that the website was updated to address the ADA deficiencies.  (Docs. 7 at 3–4; 9.)  This contradicts Defendant's argument that the case is a "sham."   (Docs. 30 at 3–4, 13–15; 30-4 at 3.)  Moreover, the lawsuit appears to have had the effect intended by Congress in enacting the ADA.  *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001) ("Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals.").   These modifications are also a sufficient reason for Plaintiff to seek dismissal.[4]   Therefore the undersigned recommends that denial of the Motion or the imposition of any conditions or sanctions on the grounds that the case is frivolous is unwarranted.

---

[3] To the extent any adequately presented arguments in the Response have not been addressed herein, the undersigned has considered them and recommends that they are unsupported and/or unpersuasive.

[4] Defendant argues that since modifications were made to the website in January 2022 and the Motion was not filed until December 2022, the Motion was transparently filed to avoid discovery, rather than in response to the modifications.  (Doc. 30 at 12–14.)  Preliminarily, the undersigned would not likely allow much of the broad and burdensome discovery Defendant seeks even if the case were to continue.  Moreover, even if Plaintiff wished to avoid discovery, he may not be hiding anything nefarious.  He may just want to avoid the burden and expense of a protracted discovery battle, especially in a case that appears to have achieved its objective.  This was the explanation offered by Plaintiff's attorney at the hearing.  (Doc. 40 at 12.)

Second, Plaintiff did not hide his status as a "tester."  He alleged it in the A.C. (Doc. 4 at 5) and he reaffirmed it in his Answers to Court's Interrogatories. (Doc. 6 at 2.)  In those interrogatory answers, he asserted that he visited Defendant's website to book a room "and/or" to test the website.[5]  Plaintiff also offered to be deposed.  (*See* Doc. 30-1 at 2.)  Therefore, the undersigned recommends there is no sufficient basis for denying the Motion or imposing conditions based on Defendant's argument that Plaintiff misrepresented his "tester" status.

Third, Defendant has not shown "clear legal prejudice" within the meaning of *McCants*.  781 F.2d at 856–57.  Defendant argues that it will suffer prejudice because the law on standing has broadened since the filing of the case.  (Doc. 30 at 9–10.)  Defendant contends that prior to *Laufer v. Arpan LLC*, 29 F.4th 1268 (11th Cir. 2022), decided on March 29, 2022, the law required actual intent to visit the facility to establish standing. (*Id.*)  However, as the *Laufer* court observed, the prior case of *Sierra v. City of Hallandale Beach*, 996 F.3d 1110 (11th Cir. 2021), decided on May 6, 2021 (predating this lawsuit), held that the plaintiff had suffered a concrete injury sufficient for standing with "no reference to whether he had any personal need for the information in the inaccessible videos."  *Laufer*, 29 F.4th at 1273.  Indeed, "[c]onstrued broadly, *Sierra* suggests that concrete injury exists

---

[5] Defendant's suspicion that Plaintiff in fact never visited Defendant's website is serious, and the undersigned does not discount it lightly.  Nevertheless, it is only a suspicion. The undersigned recommends that to allow extensive discovery at this stage, which may or may not prove or disprove the suspicion, is not justified.

*whenever* an individual experiences illegal discrimination, regardless of whether [he] suffers any discernible adverse effects." *Id.* Thus, if anything, *Laufer* may have narrowed possible standing by requiring emotional injury in addition to discrimination. *Id.* at 1274–75.

Moreover, the fact that Plaintiff has not alleged emotional injury in the A.C. is not fatal. (*See generally* Doc. 4.) Neither Defendant nor the Court has raised a standing issue in this case. However, if the issue were to be raised, it is likely that Plaintiff would be allowed to supplement the record, if necessary, to attempt to establish standing. *See Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1228 (11th Cir. 2019) ("[I]f we have been presented with 'facts beyond the four corners' of the pleading that are relevant to the question of standing, we may consider them.") (*citing Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1206 n.50 (11th Cir. 1991). Thus, Plaintiff would gain no advantage regarding standing by dismissing this case and filing a new one. Additionally, "it is no bar to a voluntary dismissal that the [p]laintiff may obtain some tactical advantage over the defendant in future litigation." *McCants*, 781 F.2d at 857. Therefore, the undersigned recommends that Defendant has not shown clear legal prejudice.

Fourth, Defendant does not cite any specific ethical rule or authority to support its suggestion that Plaintiff's attorney has somehow acted improperly. (*See* Doc. 30 at 4–6, 15.) Even assuming that Plaintiff's attorney accessed Defendant's website before Plaintiff and told Plaintiff about it, which Plaintiff's attorney admitted at the hearing, Rule 4-7.18(a) generally does not prohibit a

lawyer from soliciting "professional employment from a prospective client" with whom the lawyer has a "prior professional relationship."  Fla. Model Rules of Prof'l Conduct R. 4-7.18 (2022).[6]  Plaintiff's attorney had filed a number of cases on behalf of Plaintiff prior to this one.[7]  Thus, Defendant has not supported its suggestion of impropriety.

Finally, the procedural posture of the case weighs in favor of dismissal.  At the time the Motion was filed, the case was still in the discovery phase, no motions for summary judgment or any other dispositive motions had been filed, and trial was not imminent.  (Doc. 27 at 2.)  Defendant had answered the Amended Complaint (Doc. 15), the parties had participated in an unsuccessful mediation (Doc. 18), Defendant had propounded written discovery, and Defendant had filed two motions to compel (Docs. 22 & 23).[8]  Therefore, no undue time or expense litigating the case and preparing for trial should have been expended.  Thus, the undersigned recommends that the procedural posture of the case weighs in favor of dismissal.

---

[6] Plaintiff's attorney indicated at the hearing that he had accessed Defendant's website and made screenshots of it at the instigation of a different client who passed away before suit was filed.  He then told Plaintiff, with whom he had a prior professional relationship and who was interested in pursuing cases like this, about the website.  (Doc. 40 at 16–18.)

[7] *See e.g., Lugo v. H.J.S. Inv., Inc.*, No. 9:17-cv-80025-KAM (S.D. Fla. Jan. 6, 2017); *Lugo v. Florida Cmty. Bank,* No. 9:15-cv-80180-KLR (S.D. Fla. Feb. 12, 2015); *Lugo v. B.B.B. Plaza Assoc., Ltd.,* No. 9:14-cv-81252-WPD (S.D. Fla. Oct. 8, 2014).

[8] Ruling on these motions was deferred pending resolution of the Motion.  (Doc. 34.)

In sum, even considering principally the interests of Defendant, the undersigned recommends that the relevant equities weigh in favor of unconditional dismissal without prejudice.[9]

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 28**) be **GRANTED.**

2.      The case be unconditionally **DISMISSED without prejudice,** with each side to bear its own fees and costs.

### <u>Notice to Parties</u>

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R.

---

[9] Notably, in another ADA case, with the same plaintiff and same attorneys on both sides, the Honorable Thomas P. Barber unconditionally granted a similar motion by a simple endorsed order.  (*See* Doc. 33); *see also Lugo v. Siesta Sands Assoc., Inc.*, No. 8:22-cv-697-TPB-CPT (M.D. Fla. Jan. 5, 2023) (Doc. 46).  In that case, the defendant opposed dismissal and made a similar argument that it doubted "that [p]laintiff visited [d]efendant's [website] before [p]laintiff's counsel, if ever."  *Siesta* Sands, No. 8:22-cv-697-TPB-CPT (Doc. 43 at 12.)  The defendant in that case relied in part on this case as a basis for its suspicions.  *See generally id.*

Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

   **DONE AND ENTERED** in Jacksonville, Florida, on March 2, 2023.

JOEL B. TOOMEY
United States Magistrate Judge


Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record