**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANIEL LUGO,

      Plaintiff,

v.                                          Case No. 3:21-cv-1272-MMH-JBT

SEA COTTAGES OF
AMELIA, LLC,

      Defendant.

_____

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 45; Report) entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on March 2, 2023. In the Report, Judge Toomey recommends that the Court grant Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) [etc.] (Doc. 28; Motion) and unconditionally dismiss this action without prejudice. See Report at 10. On March 16, 2023, Defendant filed objections to the Report. See Defendant's Objections to Report and Recommendation (Doc. 46; Objections). Plaintiff responded to the Objections on March 28, 2023. See Plaintiff's Response to Defendant's Objections to Report and Recommendation (Doc. 47; Response). In addition, on April 28, 2023, Defendant filed a notice of supplemental authority in support of its Objections. See Defendant's Supplemental

Authority in Support of Objections to Report and Recommendation (Doc. 48). Accordingly, this matter is ripe for review.

## I.     Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 4.

amounts of time and resources reviewing every issue—whether objected to or not.").

## II. Background

Plaintiff Daniel Lugo initiated this action against Defendant Sea Cottages of Amelia, LLC on December 23, 2021, with the filing of a one-count Complaint (Doc. 1). On December 28, 2021, Plaintiff filed an Amended Complaint (Doc. 4) in which he alleges that Defendant's online reservation system fails to comply with the requirements of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq. See generally Amended Complaint. Plaintiff asserts that he is an individual with a disability within the meaning of the ADA and that in December of 2021, he "attempted to specifically identify and book a guaranteed reservation for an accessible room" at the Sea Cottages of Amelia using Defendant's online reservation system but was unable to do so "due to Defendant's failure to comply with the requirements" of the ADA. See Amended Complaint ¶ 9. Plaintiff also explains that he is "an advocate of the rights of similarly situated disabled persons" and "is a 'tester' for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including online reservation systems for places of lodging, are in compliance with the ADA." Id. ¶ 10. Defendant filed an answer to the Amended Complaint on March 28, 2022. See Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint (D.E.4)

(Doc. 15). In addition, almost immediately after receiving service of this lawsuit, Defendant contacted its website designer and made changes to its online reservation system "to address the allegations raised by Plaintiff concerning the ADA." See Declaration of Philip Griffin (Doc. 30-4) ¶¶ 3-4.

In the Motion before the Court, less than a year after initiating the lawsuit, and prior to the filing of any dispositive motions, Plaintiff seeks to voluntarily dismiss this action pursuant to Rule 41(a)(2). See Motion at 10-11. In support of the request, Plaintiff states that he seeks dismissal because "the substantive relief sought by Plaintiff has already been obtained" in light of Defendant's modifications to its online reservation system. See id. at 3-4. It appears Plaintiff's request for dismissal was also prompted by his desire to avoid a burdensome and expensive discovery battle with Defendant. See id.; see also Report at 6 n.4. Indeed, at the time Plaintiff filed his Motion, Defendant had already filed two motions to compel (Docs. 22, 23), and two weeks after Plaintiff filed the Motion, Defendant filed a third motion to compel (Doc. 29). Defendant strenuously opposes Plaintiff's request for voluntary dismissal primarily based on its belief that Plaintiff's attorney improperly solicited Plaintiff to initiate this lawsuit, and a suspicion that Plaintiff may not have actually visited Defendant's online registration system as alleged in the Amended Complaint. Thus, although the alleged ADA violations in this action have been resolved, Defendant asks the Court to keep this case alive so that it

may engage in sweeping discovery in the hopes of confirming its suspicions of wrongdoing.

## III. Discussion

The Eleventh Circuit Court of Appeals has summarized the standard governing motions to voluntarily dismiss pursuant to Rule 41(a)(2) as follows:

> "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer <u>clear legal prejudice</u>, other then [sic] the mere prospect of a subsequent lawsuit, as a result." "The crucial question to be determined is, Would the defendant lose any <u>substantial right</u> by the dismissal." In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."

See <u>Pontenberg v. Bos. Sci. Corp.</u>, 252 F.3d 1253, 1255-56 (11th Cir. 2001) (internal citations omitted) (emphasis omitted and added) (quoting <u>McCants v. Ford Motor Co., Inc.</u>, 781 F.2d 855, 857 (11th Cir. 1986) & <u>Durham v. Fla. East Coast Ry. Co.</u>, 385 F.2d 366, 368 (5th Cir. 1967)). Here, the "clear legal prejudice" or loss of a "substantial right" on which Defendant relies in opposition to dismissal is the loss of "one or more avenues of recovering its attorney's fees, litigation expenses and costs from Plaintiff." <u>See</u> Objections at 18.[2] Relatedly, Defendant maintains that it will suffer prejudice if Plaintiff is

---

[2] Notably, Defendant has not filed a counterclaim in this action nor any dispositive motions. Nevertheless, Defendant also argues that it will suffer legal prejudice because it will lose "defenses and legal arguments on which Defendant is currently clearly succeeding." <u>See</u> Objections at 18. This appears to be a reference to Defendant's contention that, as currently filed, Plaintiff lacks standing to pursue this lawsuit. According to Defendant, "[t]he

- 5 -

permitted to dismiss this case without being forced to comply with Defendant's discovery requests. See Objections at 18-19. Thus, Defendant wants the Court to force Plaintiff to continue litigating this case so that it can use discovery to launch a full-scale investigation into the practices of Plaintiff's attorneys. In short, Defendant seeks to incur substantially more attorney's fees in the hopes of uncovering a basis to allow it to recover those fees at the conclusion of this case. This is a needless waste of the parties' and the Court's resources.[3]

The Court acknowledges that there are reasons to be concerned about the ethical practices of Plaintiff's counsel. But upon careful consideration, the undersigned is convinced that the appropriate outlet for Defendant's concerns is through the filing of a bar complaint. Indeed, the Court notes that another judge of this Court recently entered an order sanctioning Plaintiff's counsel and

---

law has changed since the filing of this case and because of that Defendant would be inequitably affected if Plaintiff were allowed to press the reset button and start over." See id. at 16. However, Defendant fails to recognize that a dismissal for lack of standing is a dismissal without prejudice. See Stalley ex rel. United States v. Orlando Regional Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). Thus, even assuming arguendo that Defendant is correct in its arguments about standing, allowing this case to proceed so that Defendant can expend more resources investigating standing and filing a motion to dismiss on that basis only to achieve the same outcome is nonsensical.

[3] The Court expresses no opinion on how Daniel Lugo came to be the named Plaintiff in this case or the propriety of his counsel's purported solicitation practices. But in considering whether to allow this case to proceed solely because Defendant believes it will ultimately be entitled to recover its attorney's fees, it is notable that Defendant at no point asserts that the claim itself—that Defendant's website did not comply with the requirements of the ADA—was frivolous when filed. While Defendant takes the position that its website was ADA compliant, see Objections at 14-16, it does not argue that the violations alleged in the Amended Complaint were legally or factually baseless.

sent copies of that order to the Florida Bar and the Grievance Committee for the Middle District of Florida, Orlando Division. See Poschmann v. Oceanside 99 Condo. Assoc., Inc., No. 6:21-cv-1579-RBD-LHP, ECF Doc. 36 (M.D. Fla. entered Apr. 27, 2023) (order vacating settlement agreement). The Court is confident in the ability of these entities to investigate any potential wrongdoing and take appropriate action.

In light of the foregoing, the Court will adopt the Magistrate Judge's recommendation to grant Plaintiff's request for voluntary dismissal without prejudice. In the Report, the Magistrate Judge recommends that the Court dismiss this action unconditionally, with each side to bear his or its own fees and costs. See Report at 6, 10. Although Defendant does not specifically address that recommendation in his Objections, the Court has nevertheless independently considered whether conditions should be imposed and agrees with the Magistrate Judge's assessment that conditions are unwarranted. See id. at 6. Plaintiff filed a claim premised on non-frivolous ADA violations and seeks voluntary dismissal after Defendant substantially remedied those violations. As a result, future litigation is unlikely unless Defendant reverts back to a less ADA accessible online reservation system.[4] In light of the

---

[4] Moreover, the bulk of Defendant's litigation expenses to date relate to its motions to compel. But the Magistrate Judge, who has broad discretion in ruling on discovery matters, characterized Defendant's discovery requests as largely "broad and burdensome" and noted that he was unlikely to have allowed much of the requested discovery. See Report at 6 n.4.

foregoing, the Court finds that requiring Plaintiff to pay Defendant's costs or imposing other conditions on Plaintiff's request for dismissal is not appropriate under the circumstances.   Accordingly, it is

**ORDERED:**

1. Defendant's Objections to Report and Recommendation (Doc. 46) are **OVERRULED.**

2. The resolution recommended in the Report and Recommendation (Doc. 45) is **ADOPTED** for the reasons set forth in this Order.

3. Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) [etc.] (Doc. 28) is **GRANTED**.

4. This matter is **DISMISSED without prejudice** pursuant to Rule 41(a)(2).

5. The Clerk of the Court is directed to terminate all pending motions, close the file, and enter judgment dismissing this action without prejudice.

**DONE AND ORDERED** in Jacksonville, Florida this 18th day of July, 2023.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11

Copies to:

Counsel of Record